The statement was res gestæ, and the bill shows no error.

The other bill was taken to the overruling of the motion for new trial. It is not shown that any testimony was introduced in support of the motion for new trial, or that there was any error otherwise in overruling said motion.

Finding no error in the record, the judgment is affirmed.

### On Motion for Rehearing.

HAWKINS, J.

We think the Blalock Case, 103 Tex. Cr. R. 303, 280 S. W. 784, upon which appellant relies, has no application under the facts of the present case. There accused was on trial for theft of a car, a transaction which had already terminated; here appellant was on trial for possessing whisky for the purpose of sale, and the statement objected to was made by appellant at the time the possession was discovered and with reference to the very purpose for which he claimed to be then possessing it.

The motion for rehearing is overruled.

## COTTON v. STATE.
### No. 13117.

Court of Criminal Appeals of Texas.
March 12, 1930.

C. W. Falvey and W. S. Poston, both of Lufkin, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.

Driving an automobile upon the public highway while under the influence of intoxicating liquor is the offense; punishment fixed at a fine of $50.

State's counsel makes a motion to dismiss the appeal upon the ground, first, that the recognizance does not describe the offense; and, second, that the record reveals no sentence. The first ground is overruled. This is a felony case, and the recognizance is deemed sufficient. See article 817, C. C. P. 1925. In a felony case, unless the death penalty is assessed, the sentence is essential as a predicate for an appeal. See article 769, C. C. P., Vernon's Ann. Tex. C. C. P. 1925, vol. 3, p. 150; Ridge v. State, 96 Tex. Cr. R. 496, 258 S. W. 472; Carlile v. State, 97 Tex. Cr. R. 477, 262 S. W. 489.

The appeal is dismissed.

## WARREN v. STATE.
### No. 13083.

Court of Criminal Appeals of Texas.
March 12, 1930.

C. E. Florence, of Gilmer, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction was for aggravated assault, punishment assessed being a fine of $50 and thirty days' confinement in jail.

The record is before us without statement of facts or bills of exception. In this condition, nothing is presented for review.

The judgment is affirmed.